

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 10, 1967

Hon. Tom Blackwell
District Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. M-22

Re: Whether a Savings and
Loan Corporation can
serve as a county
depository.

By a recent letter to this office you have re-
quested an opinion in regard to the above stated matter.
Specifically you have asked the following question.

"Under the Constitution, Statutes and
laws of the State of Texas does a Savings
and Loan Corporation (State or Federal) qualify
as a depository for official county funds?"

Articles 2544 through 2558a, Vernon's Civil Statut
provide the authority and method for counties to establish a
depository or depositories for county money.

Article 2544, Vernon's Civil Statutes, is quoted,
in part, as follows:

"The Commissioners Court of each county
is hereby authorized and required . . . to
enter into a contract with any banking corpora-
tion, association or individual banker in such
county for the depositing of the public funds
of such county in such bank or banks. . . ."
(Emphasis added.)

Article 2545, Vernon's Civil Statutes, is quoted,
part, as follows:

"Any banking corporation, association,

to be designated as county depository shall
make and deliver to the County Judge an ap-
plication applying for such funds . . . ."
(Emphasis added.)

Article 2546, Vernon's Civil Statutes, is quoted,
in part, as follows:

"It shall be the duty of the Commis-
sioners Court at ten o'clock a.m. on the
first day of each term at which banks are
to be selected as county depositories, to
consider all applications . . . and to select
those applicants that are acceptable . . . ."
(Emphasis added.)

Article 2549, Vernon's Civil Statutes, is quoted,
in part, as follows:

"As soon as said bond be given and
approved by the Commissioners Court, and
the Comptroller, an order shall be made
. . . designating such banking corporation,
association or individual banker, as a
depository for the funds of said county .
. . ." (Emphasis added.)

In a prior opinion from this office (V-120, 1947) i
was held that the language "banking corporation, association
private banker" did not authorize a commissioners court to
select any individual, partnership, or group of individuals
whatsoever other than a banking corporation, association or
private bank as a depository for county funds.

The following language is found in the prior opinio

"It is obvious the statutes contemplate
that the county depository must be a banking
institution. If this were not clear enough
from the statutes themselves, it would neces-
sarily be true because the business of a

depository of county funds is essentially the accepting of deposits and paying checks, which constitutes the one unfailing exclusive banking function.

"You are therefore advised that the Commissioners Court is not authorized to select, as a county depository, any person, partnership, association or group of persons whatsoever other than a duly organized banking institution, association or private banker with banking privileges in this state."

Based upon the foregoing and an analysis of the relevant statutes, it is the opinion of this office that a savings and loan corporation does not qualify as a depository for official county funds.

## S U M M A R Y

Savings and Loan Corporations do not qualify as county depositories under the requirements of Articles 2544 et seq. of Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

CCM:mkh:ra

Prepared by James C. McCoy
Assistant Attorney General